UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BETTY CARRASQUILLO                                CIVIL ACTION

VERSUS                                            NO. 05-1475

MIKE JOHANNS, SECRETARY, DEPARTMENT OF            SECTION "F"
AGRICULTURE ET AL.

ORDER AND REASONS

Before the Court is defendants' Partial Motion to Dismiss. For the reasons that follow, the motion is GRANTED.

**Background**

Betty Carrasquillo, a Department of Agriculture employee, was not selected to fill a vacant Information Technology Specialist position. She filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), asserting that her non-selection was the result of national origin discrimination and reprisal. After the EEOC dismissed Carrasquillo's claim, she brought this suit for race discrimination,[1] reprisal, and the creation of a hostile work environment in violation of Title VII, as well as violations of the Louisiana Employment Discrimination Law. The

---

[1] Although the complaint in this Court asserts race discrimination and the EEOC complaint asserted national origin discrimination, both terms refer to the plaintiff's contention that she suffered discrimination because she is Hispanic.

1

plaintiff also claims that the defendants have denied her her constitutional rights, apparently in violation of 23 U.S.C. § 1983.[2]

The defendants now move to partially dismiss the complaint.

I.

A motion brought under Rule 12(b)(1) targets the Court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An attack upon a complaint under Rule 12(b)(1) can be either facial or factual. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A defendant makes a facial attack upon a complaint when the defendant does nothing more than file the motion. See id. A defendant makes a factual attack upon a complaint when a defendant "submits affidavits, testimony, or other evidentiary materials." Id. When a facial attack is made, courts only consider the allegations in the complaint, presuming them to be true. See id. If a court confronts a factual attack, the plaintiff must "submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." Id.; see also Anderson v. KPA Consulting, No. 3-02-CV-850-AH, 2002 WL 31246813, at *1 (N.D. Tex. Oct. 3, 2002).

Federal Rule of Civil Procedure 12(b)(6) calls for dismissal

---

[2] The complaint does not name a statute, but both parties discuss a § 1983 claim.

when the plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6), courts must accept the "plaintiff's factual allegations as true," and will not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co., 376 F.3d 399, 403 (5th Cir. 2004) (quoting Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

## II.

The defendants seek partial dismissal on two distinct grounds. The Court addresses them separately.

### A.

The plaintiff has not exhausted her hostile work environment claim, and therefore the hostile work environment must be dismissed.

Before filing a complaint containing a Title VII claim, a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination with the EEOC. See Hampton v. Internal Revenue Serv., 913 F.2d 180, 182 (5th Cir. 1990). "The scope of a Title VII complaint is limited to the scope of the EEOC

investigation which can reasonably be expected to grow out of the charge of discrimination." Thomas v. Tex. Dep't of Criminal Justice, 220 F.3d 389, 395 (5th Cir. 2000)(citing Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990)). "A plaintiff may not circumvent the EEOC filing requirements by raising only a few claims in her EEOC filings, and later suing over every claim arising out of her employment." Aucoin v. Kennedy, 355 F. Supp. 2d 830, 840 (E.D. La. 2004).

In this case, the plaintiff's EEO complaint concerned national origin discrimination and reprisal. She did not raise a hostile work environment claim. She neither denies that the EEOC complaint did not raise the hostile work environment claim, nor does the plaintiff rebut the defendants' contention that the hostile work environment claim is unexhausted.[3] A hostile work environment claim goes "beyond the scope of [the] EEOC claim" when the EEOC claim only concerned a single event. See, e.g., O'Brien v. Lucas Assocs. Pers., Inc., 127 Fed. Appx. 702, 708 (5th Cir. 2005)(affirming dismissal of the hostile work environment claim for failure to exhaust state administrative remedies where the EEO complaint "only alleged Title VII violation for the discharge/demotion that occurred on May 15, 2001").The plaintiff's EEOC complaint only

---

[3] Instead, the plaintiff seems to suggest that she be allowed to amend her complaint before it is dismissed. The plaintiff does not explain how amendment will correct the deficiency of the unexhausted claim. Dismissal is the appropriate remedy.

concerned her non-selection and does not raise a hostile work environment claim. Accordingly, the plaintiff's hostile work environment claim has not been exhausted and must be dismissed.

B.

The defendants assert that Title VII is the exclusive remedy for a federal employee claiming discrimination. Therefore, the defendants conclude that the plaintiff's other claims, including her Louisiana state law claims and any § 1983 claims that she is asserting, must be dismissed. The defendants also point out that, under Title VII, the Secretary of the Department of Agriculture is the only proper defendant and punitive damages cannot be awarded. The plaintiff counters that public employees can bring both Title VII and § 1983 claims when a cause of action exists under both.

The plaintiff correctly summarizes the Fifth Circuit law as found in Johnston v. Harris County Flood Control Dist., 869 F.2d 1565 (5th Cir. 1989), which concludes that "[w]hen . . . unlawful employment practices encroach, not only on rights created by Title VII, but also on rights that are independent of Title VII, Title VII ceases to be exclusive." 869 F.2d at 1576. The Fifth Circuit reaffirmed Johnston in Southard v. Tex. Bd. of Criminal Justice, 114 F.3d 539 (5th Cir. 1997).

However, the plaintiff's reliance on Johnston misses a very important point: The plaintiff here is a federal employee, and "[i]t is well settled that the provisions of Title VII of the Civil

5

Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims." Hampton, 913 F.2d at 182-83 (citing Brown v. Gen. Serv. Admin., 425 U.S. 820, 829 (1976)). In cases where federal employees have attempted to raise both Title VII and § 1983 claims, courts have pointed out that "Title VII effectively preempts any Section 1983 claims for employment discrimination by a federal employee when the facts supporting the claim of violation of Section 1983 are the same as those asserted in support of the Title VII claims." Broadway v. Slater, No. CIV. A. 99-2705, 2000 WL 235238, at *1 (E.D. La. Feb. 28, 2000); see also Skennion v. Godinez, No. 3-04-CV-1260-AH, 2004 WL 2495075, at *1 (N.D. Tex. Nov. 3, 2004). Nor do state law claims survive the Title VII preemption. See, e.g., Long v. O'Neill, 31 Fed. Appx. 833, 833 (5th Cir. 2002).

Since the plaintiff is a federal employee, her sole cause of action is under Title VII. The plaintiff admits that all the claims asserted in her complaint rely on the same facts. Therefore, the plaintiff's Louisiana state law claims and § 1983 claims must be dismissed.

Moreover, the fact that her only remaining claims are Title VII claims dictates that all defendants aside from the Secretary of the Department of Agriculture be dismissed. The proper defendant in a Title VII suit is "the head of the department, agency, or unit." 42 U.S.C. § 2000e-16(c); see also Honeycutt v. Long, 861 F.2d 1346,

1349 (5th Cir. 1988). Therefore, all defendants other than the Secretary of the Department of Agriculture, who is "the head of the department," must be dismissed.

Finally, punitive damages are not available against the federal government. See 42 U.S.C. § 1981a(b)(1). Even though the Secretary of the Department of Agriculture is the named defendant and not the federal government, the federal government would be responsible for any judgment. See, e.g., Beth v. Espy, 854 F. Supp. 735, 737 n.2 (D. Kan. 1994) (citing Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980)). Therefore, the plaintiff cannot collect punitive damages. See id. at 737; see also Flowers v. Runyon, No. 97-1050, 1999 WL 259523, at *5-6 (E.D. La. Apr. 28, 1999).

Accordingly, the defendants' partial motion to dismiss is GRANTED. The plaintiff's hostile work environment claim is hereby dismissed. All defendants except Mike Johanns, Secretary, Department of Agriculture are hereby dismissed. All claims except plaintiff's Title VII claim are hereby dismissed. Plaintiff's claim for punitive damages is hereby dismissed. The only remaining claim is plaintiff's Title VII claim for race discrimination and reprisal against Mike Johanns, Secretary, Department of Agriculture.

New Orleans, Louisiana, August 22, 2005.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE