```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


BETTY CARRASQUILLO                         CIVIL ACTION


v.                                         NO. 05-1475


MICHAEL JOHANNS, SECRETARY,                SECTION "F"
UNITED STATES DEPARTMENT OF
AGRICULTURE
```

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment.  For the reasons that follow, the motion is GRANTED.

I.  Background

Betty Carrasquillo is an employee of the United States Department of Agriculture and works at the National Finance Center. In 2003, the NFC advertised for a newly created Information Technology specialist through the Office of Personnel Management. Carrasquillo applied for and was selected as one of the top three candidates to interview for the job, but was not selected.  She filed a complaint with the Equal Employment Opportunity Commission, claiming that she was not selected for the job because she was Hispanic and because of reprisal.  After the EEOC gave her notice of the right to sue, she brought this suit for race discrimination, reprisal, and the creation of a hostile work environment in violation of Title VII, as well as violations of the Louisiana

1

Employment Discrimination Law and civil rights under 23 U.S.C. § 1983.[1]

The defendant, the Secretary of the Department of Agriculture, moves for summary judgment, arguing that Carasquillo's discrimination claim fails because she cannot establish a prima facie case of discrimination or reprisal nor can she demonstrate that her failure to get the IT Specialist position was a pretext or a motivating factor for discrimination based on national origin or reprisal.

II.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

[1] Although the complaint in this Court asserts race discrimination and the EEOC complaint asserted national origin discrimination, both terms refer to the plaintiff's contention that she suffered discrimination because she is Hispanic. Pursuant to this Court's Order of August 22, 2005, the plaintiff's state law claims, § 1983 claims, and hostile work environment claims have been dismissed.

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

In order to survive a summary judgment, Carasquillo must raise a genuine issue of material fact that the defendant discriminated against her.  To do so, she must rely on the burden-shifting model set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).  The plaintiff has the burden of proof.  She must first establish a prima facie case of discrimination by showing that: she was a member of a protected class or group, such as race or gender; she was qualified for the job for which she applied; she was

rejected; and that similarly situated individuals outside her protected class were treated more favorably.  Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001); Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1090 (5th Cir. 1995).

If Carrasquillo establishes a prima facie case of discrimination, the burden then shifts to the defendant to rebut her case by articulating a legitimate, non-discriminatory reason for any alleged unequal treatment.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); Bodenheimer v. PPG Industries, Inc., 5 F.3d 955 (5th Cir. 1993).  If the defendant can articulate a non-discriminatory reason for its decision not to select Carrasquillo for the IT position, then she must satisfy the final prong of the McDonnell Douglas analysis:  she must either show that the defendant's reasons for not selecting her are not true, but, rather, mere pretexts for discrimination, or that although the reasons given are true, her ethnicity was a motivating factor.  McDonnell Douglas, 411 U.S. at 807-08; Keelan v. Majestco Software, Inc., 407 F.3d 332, 341 (5th Cir. 2005)(citing Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004).

To show that the defendant's decision not to select her for the IT position was a pretext for discrimination, Carrasquillo must establish that a discriminatory reason more likely motivated the decision or that the reasons given for the decision are unworthy of belief.  Laurence v. Chevron U.S.A., Inc., 885 F.2d 280, 283-84 (5th Cir. 1994).  The Court "may not disregard the defendant's

4

explanation without countervailing evidence that it was not the real reason for the [adverse action]." Guthrie v. Tifco Industries, 941 F.2d 374, 377 (5th Cir. 1991). Absent countervailing evidence, then, the Court must accept as true the defendant's explanation about Carrasquillo's termination. Elliott v. Group Med. & Surgical Serv., 714 F.2d 556, 566 (5th Cir. 1983). "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of a doubt is insufficient." E.E.O.C. v. La. Office of Cmty. Servs., 47 F.3d 1438, 1444 (5th Cir. 1995).

III.

Carrasquillo can make a prima facie case of discrimination because she is a member of a protected class or group, she was qualified for the job for which she applied, she was rejected for the position, and a similarly situated individual outside her protected class got the job. The burden then shifts to the defendant to articulate a non-discriminatory reason for its decision not to select Carrasquillo for the IT position. The defendant states that under Department policy, the first-line supervisor is generally the selecting official for positions. The first-line supervisor was Louis Collins, who asked the same interview questions to each of the top three candidates, including Carrasquillo, and selected the candidate he did--believing her to be the superior candidate based upon her skills and experience. Because the defendant has articulated a non-discriminatory reason

for the decision to select someone else for the job, and because no evidence suggests otherwise, the burden again shifts back to Carrasquillo to show either that the reason given was a pretext, or that her ethnicity played a role in the Department's decision.

Where the pretext claimed is for promotion based upon relative qualifications, "a plaintiff may survive summary judgment ... by providing evidence that he was 'clearly better qualified' than the employee selected for the position at issue."  Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2000) (quoting Scott v. Univ. of Miss., 148 F.3d 493, 513 (5th Cir. 1998); Walther v. Lone Star Gas Co., 952 F.2d 119, 123 (5th Cir. 1992)).  The Fifth Circuit cautions, however, that "the bar is set high for this kind of evidence because differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." Celestine, 266 F.3d at 357 (quoting Deines v. Texas Dept. of Prot. & Regulatory Servs., 164 F.3d 277, 281 (5th Cir. 1999)).

The plaintiff states that "[h]er evidence shows that [the defendant] pretextually followed procedure to bring in a favored white candidate."  The plaintiff's evidence, however, does not establish that race or ethnicity was the underlying motivation for

6

the Department's choice.[2]  Most importantly, the plaintiff has presented no evidence that her own qualifications were any better than those of the chosen candidate.  "The single question for the trier of fact is whether the employer's selection of a particular applicant over the plaintiff was motivated by discrimination...." Celestine, 266 F.3d at 357.  The plaintiff has not met this burden.

Carrasquillo could also meet the McDonnell Douglas test for discrimination by showing that the Department considered race or ethnicity in making their hiring decision.  The plaintiff has not presented any evidence that would indicate race or ethnicity was a motivating factor in the employment decision; therefore, she fails to meet this burden.[3]

---

[2]  The record does not support her argument.  At most, the record demonstrates that some inside the Department, but not those on the hiring committee, expressed a desire before the interviews to hire the candidate who was ultimately chosen.  But the record fails to establish that race was the motivating factor in making these statements.

[3]  The plaintiff has presented the Court with mountains of depositions and affidavits; however, she cannot point to discrete lines of text that would meet the burden she faces.  The Court gave her a second opportunity in its Order of February 27, 2007 to focus and narrow her evidence to make her case.  She has not done so; instead, she "prayed this Honorable Court peruse the entirety of the material she placed before it.  She makes that plea again, for not only does her case require credibility determination, but the inferences drawn from all of her exhibits point clearly to impermissible discriminatory conduct."  This Court is not convinced that the evidence on this record points to impermissible conduct and counsel for the plaintiff fails to draw such inferences by identifying specific, relevant material for the Court.

IV.

Before filing this lawsuit, Carrasquillo also filed a complaint with the EEOC against the Branch Chief for the Department, Michael Zeringue, in 2001 for non-selection. She charges that he is a vindictive person and argues that her non-selection for the IT job at issue in this case is a result of his retaliation.

In order to prove a prima facie case in a retaliation claim, the plaintiff must show: (1) that the plaintiff engaged in activity protected by Title VII; (2) the employer took adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. See Haynes v. Pennzoil Co., 207 F.3d 296, 299 (5th Cir. 2000). Once a prima facie case has been made for unlawful retaliation, the framework for analyzing a retaliation claim is the same as that used in the employment discrimination context. See Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998).

Although she can credibly win the first two components of this test, the record does not support the plaintiff's completion of her prima facie case because she cannot prove the third prong of the test; she does not even remotely draw attention to a causal connection between her non-selection and her prior EEOC complaint against Zeringue. It was Louis Collins, the first-line supervisor for the IT position, not Zeringue, who was the selecting official and made the selection independently of Zeringue. In fact,

according to Collins' uncontradicted affidavit, he was unaware that any prior EEOC complaint had been filed by Carrasquillo.  Because Zeringue was not the decision-maker in evaluating the candidates for the IT position, and because the plaintiff has not introduced evidence that would suggest that Zeringue influenced Collins in any way, Carrasquillo at best speculates about a causal connection between Collins' decision and her prior EEOC encounters.  Because she cannot establish a <u>prima facie</u> case for unlawful retaliation, the analysis ends.

   Accordingly, IT IS ORDERED that the defendant's motion for summary judgment is GRANTED and the case is dismissed with prejudice.

   New Orleans, Louisiana, March 13, 2007.

   _____
   Martin L. C. Feldman
   United States District Judge